**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TARSHINNA D. SHIELDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-567-BL-CWB** |
| | ) | |
| **HYUNDAI GLOVIS OF ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. Introduction

Tarshinna D. Shields filed this action on July 10, 2026 to assert claims arising out of her former employment with Hyundai Glovis of Alabama, LLC. (*See* Doc. 1). The central allegation is that Shields was subjected to "[r]etaliation for requesting FMLA leave, exercising FMLA rights, and requesting ADA paperwork." (*Id*. at p. 4, ¶ 6; *see also id*. at p. 3, ¶ 4). Hyundai Glovis in turn requested a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that the Complaint failed to state a claim upon which any relief could be granted. (*See* Doc. 10). The parties have fully briefed their respective positions (*see* Docs. 12 & 17), and the court has held oral argument (*see* Doc. 16). Upon careful review and consideration of the circumstances, it is recommended that the pending motion to dismiss be <u>denied</u> as to Shields's FMLA retaliation claim but <u>granted</u> to the extent Shields might be attempting to assert an ADA retaliation claim.

## II. Factual and Legal Allegations

Shields began working for Hyundai Glovis during September 2021. (*See* Doc. 1-1 at ¶ 1). In approximately March 2025, Shields made a request for "paperwork" in connection with the Family Medical Leave Act and the Americans with Disabilities Act. (*Id*. at ¶ 2). Within a month

or so thereafter, Shields had her employment suspended. (*Id*. at ¶ 3). Although the suspension ostensibly was due to attendance issues, Shields disputes that explanation. (*Id*. at ¶¶ 3-4).

Shields returned from suspension in early June 2025, again requested FMLA "paperwork" later in the month, and ultimately was approved for—and took—FMLA leave. (*Id*. at ¶¶ 5-8). Shields returned from her FMLA leave on October 28, 2025, was suspended from employment during November 2025, and was terminated on or about December 2, 2025. (*Id*. at ¶¶ 9, 22, 26). Other events occurred during that monthlong period, such as a dispute over bereavement leave and a workplace machinery accident. (*Id*. at ¶¶ 10, 18-21, 23-25). However, Shields contends that Hyundai Glovis handled those matters in a retaliatory manner so as to justify a termination of employment. (*Id*. at ¶¶ 14-17, 28-29).

The Complaint appears to seek relief under both the FMLA and the ADA. (*See* Doc. 1 at pp. 3-4, ¶¶ 4, 6). Prior to filing suit, Shields exhausted her remedies with the Equal Employment Opportunity Commission (*see* Doc. 1-2), and no challenge has been made to timeliness.

## III. Legal Standard

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for relief that is plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the Rule 12(b)(6) motion stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [she] is entitled to offer evidence to support the claims." *Wilkerson v. Hicks*, 750 F.Supp.3d 1313, 1318 (M.D. Ala. 2024) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)); *see also Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

In making that determination, a court is to take the factual allegations in the complaint "as true and construe[] them in the light most favorable to the plaintiff[]." *See Brown v. Taylor*, No. 24-12170, 2026 WL 111166, at *2 (11th Cir. Jan. 15, 2026) (quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010)). A court also is to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. But a court generally must "limit[] its consideration to the pleadings and exhibits attached thereto." *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); *but see Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024) (listing exceptions to rule as "(1) the incorporation-by-reference doctrine and (2) judicial notice") (citation omitted). And a court always must be mindful that "[p]ro *se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)).

## IV. Discussion

### A. FMLA Retaliation

"To state a claim for [FMLA] retaliation, an employee must allege sufficient facts to plausibly suggest that: '(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015) (citing *Strickland v. Water Works and Sewer Bd. of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001)). Protected activity for purposes of an FMLA retaliation claim includes "an employee's exercise or attempted exercise of rights provided by the Act" and thus encompasses both a request for FMLA documentation and FMLA leave itself. *Id.* at 1247 n.7; *Giles v. Masterbrand Cabinets, Inc.*, No. 06-CV-528, 2007 WL 2274412, at *3 (M.D. Ala. Aug. 3, 2007) ("There is no dispute that

Giles's FMLA leave constitutes protected activity … nor that Giles's termination constitutes an adverse employment action."); *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1276 (11th Cir. 2020) ("The FMLA protects an employee who gives '[n]otice of an intent to use FMLA leave in the future.'") (quoting *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1274-75 (11th Cir. 2012)).

The Rule 12(b)(6) motion submitted by Hyundai Glovis outlines three arguments for dismissal of Shields's FMLA retaliation claim:

- "Shields's claim for retaliation fails from the start, as Shields cannot establish a prima facie retaliation claim." (Doc. 10 at p. 7);
- "Even if Shields could prove a prima facie case of retaliation (which she cannot), Glovis has articulated a legitimate, non-discriminatory reason for its alleged adverse employment action." (*id*. at p. 12); and
- "Shields has not – and cannot – show that Glovis's reasons for the alleged adverse employment actions were a pre-text for discrimination." (*id*. at p. 14).

Those arguments track the familiar *McDonnell Douglas* burden shifting framework often applied in retaliation cases involving circumstantial evidence. *See, e.g., Taner v. Stryker Corp. of Mich.*, 104 F.4th 1278, 1288 (11th Cir. 2024). It is well-settled, however, that "*McDonnell Douglas's* burden-shifting framework is <u>an evidentiary standard</u>, not a pleading requirement." *See Surtain*, 789 F.3d at 1246 (citing *Swierkiewicz*, 534 U.S. at 510) (emphasis added).

Telling in that regard is the reliance by Hyundai Glovis upon both evidentiary exhibits attached to its motion and other factual assertions extraneous to the factual allegations as set out by Shields. (*See* Docs. 10-1 through 10-4; *see also* Doc. 10 at p. 7: "The <u>evidence</u> overwhelmingly demonstrates that the alleged negative employment actions taken against Shields are completely unrelated to the protected activity in this case.") (original emphasis removed and new emphasis added; *id.* at pp. 9-10: discussing certain facts that the Complaint "fails to acknowledge"). In fact,

nowhere in the motion does Hyundai Glovis even pay lip service to the plausibility standard that controls the court's 12(b)(6) analysis.

Not until its reply brief—after Shields had filed a response pointing out that her burden at this stage is limited to one of pleading—did Hyundai Glovis get about to discussing plausibility. The court now better understands that the "defect" most troubling to Hyundai Glovis is the lack of causation-type allegations beyond the sheer temporal sequence of underlying events. (*See also* Doc. 17 at p. 6: "Shields attempts to rely solely on the timing of the alleged adverse employment actions, in comparison to the alleged protected activity."). The court agrees with the observation that causation allegations are sparse but disagrees that shortcomings exist sufficient to warrant dismissal.[1]

When temporal proximity is the exclusive basis for a causal connection, the separation between protected activity and alleged retaliatory consequences must be "very close." *See, e.g., McAlpin v. Sneads*, 61 F.4th 916, 932 (11th Cir. 2023) (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). In practice, "very close" has been shown truly to mean "very close." *See Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 990-91 (11th Cir. 2020) (affirming dismissal in

[1] The court has reviewed the primary cases relied upon by Hyundai Glovis and finds them all unpersuasive. (*See* Doc. 17). In *Bowman v. Sam's Club*, for example, the retaliation claim was based upon "minor annoyance[s]" rather than the more significant actions alleged by Shields. No. 22-CV-520, 2023 WL 10406564, at *5 (M.D. Ala. Dec. 22, 2023). Although a separate discrimination claim was raised in *Bowman* as a result of an alleged "manipulation" of absence records, the plaintiff "d[id] not allege that her attendance points were changed in order to terminate her because of her religion." *Id.* at *8. The close temporal proximity here is sufficient to bridge any similar causal gap. As to *Hanley v. Wal-Mart Stores E., LP*, No. 24-cv-319, 2025 WL 948375 (M.D. Fla. Mar. 28, 2025) and *Morrill v. Baker Consulting & Eng'g, LLC*, No. 25-cv-63, 2026 U.S. Dist. LEXIS 138165 (M.D. Fla. June 22, 2026), the court finds that Shields's allegations are sufficient to plausibly allege that the decisionmakers were aware of her protected activity. To require greater specificity as to the identity and conduct of decisionmakers on a pre-discovery basis would be inconsistent with the plausibility standard—particularly in the *pro se* context.

part because three-month gap was too long to support an inference of causation based upon temporal proximity alone); *Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 509 F. App'x 906, 911 (11th Cir. 2013) ("A three-month temporal gap, without more, does not establish the needed inference of causation."); *Thomas*, 506 F.3d at 1364 (stating that "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not enough [to show retaliation]"). So Shields's trek forward might be a steep climb, but it cannot be deemed implausible on the highly compressed timeline at issue. *See Chavous v. City of Saint Petersburg*, No. 22-10228, 2024 WL 366243, at *3 (11th Cir. Jan. 31, 2024) ("We have held that a period of one month between the protected activity and adverse employment action is not 'too protracted' to establish causation and thus a *prima facie* case.") (citing *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004)).

In short, Hyundai Glovis is asking the court to review its submission of evidence, construe the facts in its favor, and find that the conduct complained of by Shields was unrelated to protected activity. (*See* Doc. 10 at p. 11). Certainly it is possible Hyundai Glovis will prove correct on that premise. Nonetheless, and even if the court were to consider the evidence Hyundai Glovis has presented, it simply would be improper to reach such a conclusion at the 12(b)(6) stage. Although Hyundai Glovis asserts that "Shields cannot show that there is a causal connection between the alleged protected activity and the alleged adverse action" (*see id*. at p. 12), that is not the standard in the current posture, and Shields has stated sufficient factual allegations to enable her to uncover what additional support discovery might or might not bear out. *See El-Saba v. Univ. of S. Ala.*, No. CV 15-00087, 2015 WL 5849747, at *15 (S.D. Ala. Sept. 22, 2015) ("[T]he University has not cited to any circuit court case dismissing a Title VII retaliation claim under Rule 12(b)(6) utilizing only a temporal analysis to defeat causation allegations. Once a complaint has alleged

enough facts that retaliation for protected conduct is plausible, the plaintiff is entitled to proceed to discovery. And discovery might unearth evidence of retaliation such that at summary judgment or trial, the plaintiff will not have to rely heavily on the temporal proximity between protected conduct and adverse actions to prove her case."), *report and recommendation adopted as modified* (citation omitted).

**B. ADA Retaliation**

ADA retaliation claims generally are subject to the same standard as those arising under the FMLA. *See Batson v. Salvation Army*, 897 F.3d 1320, 1329 (11th Cir. 2018) ("To establish a prima facie case of retaliation under either act, an employee must demonstrate (1) that she engaged in statutorily protected conduct, (2) that she suffered an adverse employment action, and (3) that a causal connection exists between the two."). Here, the Complaint appears to invoke the ADA in addition to the FMLA. (*See* Doc. 1 at p. 3, ¶ 4: "Suspension, retaliation following requests for FMLA & ADA paperwork …"; *id.* at p. 4, ¶ 6: "Retaliation for requesting FMLA leave, exercising FMLA rights, and requesting ADA paperwork"; *see also* Doc. 1-1 at ¶¶ 2, 28). But unlike with the FMLA claim, the Complaint contains no factual allegations that would constitute ADA protected activity. *See McCormick v. Se. Pers. Leasing, Inc.*, No. 20-CV-1617, 2022 WL 481734, at *6 (M.D. Fla. Jan. 19, 2022) ("Although an employer cannot punish an employee for requesting information about the FMLA, which constitutes 'protected activity' under the FMLA, no section of the ADA protects an employee requesting paperwork for FMLA leave. Although McCormick's bare request for 'FMLA paperwork' constitutes protected activity by the FMLA, the request cannot constitute activity protected by the ADA."), *aff'd*, No. 22-10466, 2022 WL 4462172 (11th Cir. Sept. 26, 2022). In the absence of any such allegations, the Complaint fails to state a plausible ADA retaliation claim and is subject to dismissal in that regard.

## V. Conclusion

For the reasons set forth above, the Magistrate Judge hereby **RECOMMENDS** as follows:

- that the pending motion to dismiss (Doc. 10) be denied to the extent it seeks dismissal of Shields's FMLA retaliation claim;
- that the pending motion to dismiss (Doc. 10) be granted such that the ADA retaliation claim is dismissed with prejudice;[2] and
- that this action be referred back to the Magistrate Judge for further proceedings.

It is **ORDERED** that all objections to this Recommendation must be filed **no later than September 17, 2026**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify all claims/defenses that the Recommendation failed to address. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

---

[2] It is noted that a *pro se* plaintiff generally must be afforded at least one opportunity to amend before a claim is dismissed with prejudice, but such leave is not required where it would be futile. *See Lee v. Alachua Cnty. Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) ("While a *pro se* litigant must generally be given an opportunity to amend his complaint, a district court need not allow any amendment where amendment would be futile. … Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed … .") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)) (quotation marks omitted). Moreover, Shields articulated her claim during the September 1, 2026 oral argument exclusively as arising under the FMLA.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 3rd day of September 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**